### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| **JAVANDA BECKWITH, Parent and next** ) | |
| **friend of L.B., a minor, and L.B. individually,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No: 15-cv-1284-RCL** |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM

This matter is before the Court on the Report and Recommendation filed by Magistrate Judge Alan Kay on June 27, 2016. The 14–day period during which the parties may file objections to the Report and Recommendation has expired, *see* Local Civil Rule 72.3(b), and neither party has filed objections.

Plaintiffs Javanda Beckwith, parent and next friend of L.B., a minor, and L.B. individually, filed this complaint in August 2015 naming the District of Columbia as the sole defendant. The complaint alleges that the District of Columbia Public Schools ("DCPS") denied Ms. Beckwith's child, L.B., a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 *et seq.* Plaintiffs moved for summary judgment, asking the Court to reverse the Hearing Officer's Determination ("HOD") that DCPS provided L.B. a FAPE. Plaintiffs argued that DCPS denied L.B. a FAPE by: (1) failing to comply with its own guidelines concerning the use of restraint on L.B.; (2) failing to implement L.B.'s IEPs during the 2014–2015 school year; (3) assigning L.B. to a school—Langley Elementary— incapable of implementing L.B.'s IEPS; (4) failing to provide an appropriate IEP in January 2015;

and (5) failing to develop an appropriate behavior intervention plan ("BIP"). Defendant filed a cross-motion for summary judgment asking the Court to affirm the HOD.

Magistrate Judge Kay found that the Hearing Officer erred in finding that DCPS's failure to comply with its restraint requirements did not deny L.B. a FAPE, and that DCPS's failure to implement L.B.'s June 2014 and January 2015 IEPs did not deny L.B. a FAPE. Magistrate Judge Kay also found, however, that the Hearing Officer did not err in determining that Langley was an appropriate location of services and capable of implementing L.B.'s IEPs, or that DCPS provided an appropriate IEP in January 2015, or that DCPS's failure to develop a behavior intervention plan did not deny L.B. a FAPE. In sum, L.B. was denied a FAPE when defendant failed to comply with its restraint requirements, and when defendant failed to implement L.B.'s June 2014 and January 2015 IEPs.

Accordingly, Magistrate Judge Kay recommended granting in part and denying in part plaintiffs' motion for summary judgment, and granting in part and denying in part defendant's cross-motion for summary judgment. Specifically, Magistrate Judge Kay recommended granting plaintiffs' motion as to their claims that defendant denied L.B. a FAPE by violating DCPS guidelines on the use of restraint and by failing to implement her June 2014 and January 2015 IEPs. Magistrate Judge Kay recommended denying plaintiffs' motion as to their claims that defendant denied L.B. a FAPE by placing L.B. at Langley for the 2014–2015 school year, by failing to develop an appropriate IEP in January 2015, and by failing to develop a BIP until February 2015. After consideration of the Report and Recommendation of Magistrate Judge Kay, the absence of any party's objection thereto, the entire record before the Court and the applicable law, the Court will adopt Magistrate Judge Kay's Report and Recommendation and grant in part

and deny in part plaintiffs' motion for summary judgment, and grant in part and deny in part defendant's cross motion for summary judgment.

A separate order accompanies this memorandum.

Date: September 15, 2016

ROYCE C. LAMBERTH
United States District Judge