FILED
MAY 01 2017
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAVANDA BECKWITH, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Case No: 15-cv-1284-RCL |

# MEMORANDUM OPINION

## I. INTRODUCTION

This case was brought in 2015 by plaintiff Javanda Beckwith and her minor child, L.B., against the District of Columbia for violations of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA"). On September 15, 2016, this Court, adopting Magistrate Judge Kay's Report and Recommendation, granted in part and denied in part Ms. Beckwith's and the District's respective motions for summary judgment, finding that L.B. was denied a Free and Appropriate Public Education ("FAPE") on several grounds. Plaintiffs have now moved for attorneys' fees, ECF No. 23. For the reasons stated below, the Court will grant in part plaintiffs' motion for attorneys' fees and will award fees and costs in the amount of $62,154.62.

## II. BACKGROUND

In February 2015, plaintiffs filed an administrative due process complaint alleging that L.B. was denied a FAPE by the District of Columbia Public Schools ("DCPS") on the following grounds: 1) DCPS failed to implement L.B.'s June 2014 and January 2015 individualized education programs ("IEPs") by failing to provide sufficient specialized instruction; 2) DCPS failed to provide L.B. an appropriate location of services where her June 2014 IEP could be

1

implemented; 3) DCPS failed to provide L.B. an appropriate IEP in January 2015 by reducing her hours of occupational therapy and behavioral support services; 4) DCPS failed to develop a behavioral intervention plan for L.B. until February 2015; and 5) DCPS failed to adhere to DCPS guidelines concerning the use of restraint. The hearing officer found against plaintiffs and denied them the relief requested.

On July 27, 2015, plaintiffs filed this action seeking a reversal of the Hearing Officer's order. Both parties moved for summary judgment and this Court, adopting the Report and Recommendation of Magistrate Judge Kay, found that DCPS had denied L.B. a FAPE by failing to implement L.B.'s June 2014 and January 2015 IEPs and when DCPS failed to comply with its restraint requirements. It therefore granted in part and denied in part each party's motion for summary judgment and ordered that DCPS revise L.B.'s IEP and provide compensatory education for the above listed denials of a FAPE. Plaintiffs now seek attorneys' fees, arguing that they are prevailing parties entitled to $72,160.86.

### III. LEGAL STANDARDS

The IDEA provides that courts may award reasonable attorneys' fees to prevailing parties. 20 U.S.C. § 1415(i)(3)(B)(i). Courts must first determine whether the applicant is a prevailing party, then must determine whether the requested fees are reasonable. To be considered a prevailing party, "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *D.C. v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010).

Under the IDEA, the fees must be "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). A three part analysis guides the assessment of whether a requested fee award is

2

reasonable: "First, the court must determine the 'number of hours reasonably expended in litigation.' Second, it must set the 'reasonable hourly rate.' Finally, it must determine whether use of a multiplier is warranted." *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (internal citations omitted). To determine a reasonable hourly rate, the court considers "(1) the attorney['s] billing practices, (2) the attorney['s] skill, experience, and reputation and (3) the prevailing market rates in the relevant community." *Id.* (internal quotation marks omitted). Attorney's fee litigation employs a burden-shifting scheme:

> The fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates. Once an applicant meets this initial burden, a presumption applies that the number of hours billed and the hourly rates are reasonable. At that point, the burden shifts to the opposing party to provide specific contrary evidence tending to show that a lower rate would be appropriate.

*Flood v. District of Columbia*, No. CV 15-497 (BAH), 2016 WL 1180159, at *3 (D.D.C. Mar. 25, 2016) (internal citations and quotation marks omitted).

To determine the prevailing market rates in these cases, courts generally use three different systems, all of which are based on the "*Laffey* Matrix" derived from *Laffey v Northwest Airlines, Inc.*, 572 F. Supp. 354, 374 (D.D.C. 1983) *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984). *See Joaquin v. D.C.*, 210 F. Supp. 3d 64, 67 (D.D.C. 2016). First, the USAO *Laffey* Matrix is calculated by the U.S. Attorney's Office for D.C. and uses the original 1980–81 rates from *Laffey*, then accounts for inflation by using the Consumer Price Index. *Id.* Second, the LSI *Laffey* Matrix—sometimes called the LSI/*Salazar* Matrix—uses the *Laffey* matrix updated with the 1989 rates, then accounts for inflation by using the Bureau of Labor Statics's legal services index. *Id.* The LSI *Laffey* rates are higher than the USAO *Laffey* rates. Third, several courts within this District have used the USAO *Laffey* rates as a starting point, but have awarded fees in

IDEA litigation at 75% of those rates. *See, e.g.*, *Snead v. District of Columbia*, 139 F. Supp. 3d 375, 381 (D.D.C. 2015).

The degree of a party's success also plays a role in a court's determination of reasonableness. Where a party only enjoys limited or partial success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount . . . [and] [t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

## IV. ANALYSIS

The parties in this case agree on several key issues regarding the proper fee award. First, they agree that the appropriate reasonable hourly rate is the 75% *Laffey* rate. In addition, they agree that the fee award should be reduced by 15% based on limited success, *i.e.*, because plaintiffs only succeeded on two of their five IDEA claims. Finally, they agree that the original rates requested for plaintiffs' paralegal, David Proctor, were inappropriate and should be lowered.

At a 75% *Laffey* rate, with a 15% reduction, and using the appropriate paralegal hourly rate, plaintiffs argue that they are entitled to $63,182.97. Defendant argues that plaintiffs are entitled to $43,029.35. The majority of this gap is due to the fact that plaintiffs have included time spent on the litigation before this Court in their calculation, whereas defendant has not. The fees for this time (after the 15% reduction) total $18,443.86. It is unclear whether defendant mistakenly failed to account for this time, or whether it intends that this time is not reimbursable; it has not specifically made any argument regarding this issue. Because plaintiffs carried their initial burden of establishing that they are entitled to a fee award for this time, and defendant has not provided

4

any argument or evidence to the contrary, *see Flood*, 2016 WL 1180159, at *3, the Court finds that plaintiffs shall be reimbursed the additional $18,443.86.

The parties explicitly disagree about the following two issues: 1) whether plaintiffs can recover fees for time related to MDT/IEP meetings; and 2) whether plaintiffs inappropriately charged for secretarial/clerical tasks performed by support staff. Defendant argues that plaintiffs have included 1.01 hours (totaling $348.45) in three entries for time spent on multidisciplinary team/IEP meetings and that such time is non-compensable. Plaintiffs concede that one of these entries is entirely non-compensable: 0.67 hours spent on composing electronic correspondence regarding the meeting (2/24/2015). They concede that a reduction is warranted for another entry: 0.17 hours spent discussing implementation issues and an agenda for the meeting (2/24/2015). They argue, however that the 0.17 hours spent on February 23, 2015 discussing implementation concerns is compensable. Courts in this jurisdiction have held that time spent preparing for and attending IEP meetings is not compensable, *see A.S. v. D.C.*, 842 F. Supp. 2d 40, 47 (D.D.C. 2012), but that courts may award fees for time spent on tasks related to implementing or enforcing a decision or order, *see Shaw v. D.C.*, 210 F. Supp. 3d 46 (D.D.C. 2016). Therefore, the Court agrees that the time spent on the MDT/IEP meetings is not-compensable, but that the time spent on implementation issues is compensable. For the February 24, 2015 entry related to both the meeting and implementation, the Court will reduce that time by 50%. Therefore, of these three entries, plaintiffs may recover for .25 hours, totaling $86.25. After the 15% reduction, this amount totals $73.31.

Finally, the parties disagree over whether the time billed for tasks performed by Antonio Teel (0.50 hours) and Doreen Athey (15.83 hours), neither of whom are attorneys or paralegals, is compensable. The only entry for Antonio Teel describes drafting a letter to the client confirming

dates and times (0.50 hours). The Court will not describe every task performed by Doreen Athey, but they include the following: contacting the client to set up meetings; preparing and sending letters and other correspondence to various parties, including DCPS and the client; reviewing, filing, and serving the complaint; compiling and preparing documents; faxing documents; and taking phone calls.

Plaintiffs charged paralegal rates for this time, but defendant argues that these tasks constituted secretarial or clerical work. Tasks that are clerical in nature cannot be included in attorneys' fees awards. *Jackson v. D.C.*, 603 F. Supp. 2d 92, 98 (D.D.C. 2009), *amended in part*, 696 F. Supp. 2d 97 (D.D.C. 2010). Some of the work listed clearly constitutes non-compensable clerical tasks, such as filing documents, setting up meetings, and faxing documents. *See, e .g.*, *Michigan v. U.S. E.P.A.*, 254 F.3d 1087, 1095–96 (D.C. Cir. 2001) (filing documents); *Irving v. D.C. Pub. Sch.*, 815 F. Supp. 2d 119, 127 (D.D.C. 2011) (updating file and filing documents; conversing with HOD); *Jackson*, 603 F. Supp. 2d at 98 (creating files, making copies, faxing documents). Some however, are not so obviously clerical, such as corresponding with the client and with DCPS, reviewing the complaint, and compiling documents for various purposes. *See, e.g.*, *Johnson v. D.C.*, 850 F. Supp. 2d 74, 80 (D.D.C. 2012) (communicating with client via letters); *Baker v. D.C. Pub. Sch.*, 815 F. Supp. 2d 102, 109–10 (D.D.C. 2011) (teleconference with mother); *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 116–17 (D.D.C. 2014) (drafting correspondence; checking legal citations; interviewing and communicating with witnesses and plaintiffs); *Bailey v. D.C.*, 839 F. Supp. 888, 891 (D.D.C. 1993) ("opening computer files and drafting retainer agreements, school record release authorizations, cover letters, independent evaluation requests, medical record release authorizations, and letters to parents requesting documents").

Neither party has attempted to specifically parse out which tasks are clerical and which are not, both arguing that every task performed by Antonio Teel and Doreen Athey are or are not clerical. Rather than "nit-pick" through every time entry or deny reimbursement for every charge by Mr. Teel and Ms. Athey, the Court will reduce the fee award for the time billed by Mr. Teel and Ms. Athey by 50%. *Cf. Irving*, 815 F. Supp. 2d at 127. Their time totaled 16.35 hours, billed at $116 per hour, totaling $1,894.28. After a 50% reduction, plaintiffs will be awarded $947.14 for this time.

V. **FEE AWARD CALCULATION**

Taking into account the aforementioned calculations and reductions, plaintiffs' award is as follows:

**Underlying Administrative Litigation**

| | | |
|---|---|---|
| Roberta Gambale | 135.07 hours at $345 per hour | $46,599.15 |
| Roberta Gambale | 4.5 hours at $378 per hour | $1701.00 |
| David Proctor | 3.5 hours at $112.50 | $393.75 |
| Robert Jones | 3.17 hours at $225 per hour | $713.25 |
| Antonio Teel/Doreen Athey | 8.16 hours at $116 per hour | $946.56 |
| Total: | | $50,353.71 |
| Total less 15% reduction: | | $42,800.65 |
| Roberta Gambale | 3.5 hours travel time at $173 per hour | $605.50 |
| Costs | | $304.61 |
| Total for underlying administrative litigation | | $43,710.76 |

**District Court Litigation**

| | | |
|---|---|---|
| Robert Jones | 3.70 hours at $225 per hour | $832.50 |

7

| | | |
|---|---|---|
| Robert Jones | 83.80 hours at $249 per hour | $20,866.20 |
| Total | | $21,698.70 |
| Total less 15% reduction | | $18,443.86 |
| **Combined Total** | | **$62,154.62** |

## VI. CONCLUSION

For the foregoing reasons, the Court will grant in part plaintiffs' motion for attorneys' fees. Defendant shall be ordered to reimburse plaintiffs fees and costs totaling $62,154.62. A separate order accompanies this memorandum opinion.

Date: _____May 1_____, 2017

_____
Royce C. Lamberth
United States District Judge